IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

F I L E D

JUL 1 5 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

MARINOS N. GELARDOS,    )
                        )
        Plaintiff,      )
                        )
v.                      )       Civil Action No. 3:15CV183–HEH
                        )
CHARLES CAMPBELL, *et al.,*  )
                        )
        Defendants.     )

## MEMORANDUM OPINION
**(Granting in Part and Denying in Part Motion for Summary Judgment)**

Marinos N. Gelardos, a Virginia inmate proceeding *pro se* and *in forma pauperis,*

filed this 42 U.S.C. § 1983 action.[1] The Court construes Gelardos's Complaint to assert

the following claims:

> Claim One: Defendant Campbell violated Gelardos's Eighth Amendment[2] rights
> when he:
> (a) discontinued Gelardos's medications for nerve disorder, pain,
> and gastroesophageal reflux disease ("GERD") (Compl. ¶¶ 10–15,
> ECF No. 1);
> (b) failed to administer injections for soft tissue damage in
> Gelardos's knees (*id.* ¶ 21(b)); and,

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects,
> or causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishments inflicted." U.S. Const. amend. VIII.

(c) failed to refer Gelardos to specialists for his medical issues (*id.* ¶ 36.)

Claim Two: Defendant Allen violated Gelardos's rights under the Eighth Amendment by failing to refer him to specialists for his medical issues. (*Id.*)

Claim Three: Defendant Allen violated Gelardos's right to due process under the Fourteenth Amendment[3] by failing to adequately respond to his requests for medical services. (*Id.* ¶ 23.)

Claim Four: Defendants Ray and Schilling violated Gelardos's right to due process by "fail[ing] to investigate [Gelardos's] health problems during the exhaustive remedy process." (*Id.* ¶¶ 43–44.)

Claim Five: Defendants Ray and Schilling violated Gelardos's rights under the Eighth Amendment by "overlooking the seriousness of [his] claims in the exhaustive remedies." (*Id.* ¶ 38.)

Gelardos seeks damages, as well as declaratory and injunctive relief. (*Id.* at 5–6.)

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Ray and Schilling (collectively, "Defendants"). (ECF No. 14). Gelardos has filed a response. (ECF No. 21.) For the reasons stated below, the Court will grant Defendants' Motion for Summary Judgment as to Claim Four, but will deny it without prejudice as to Claim Five.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere "'*scintilla* of evidence'" will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)).

In support of their Motion for Summary Judgment, Defendants submit: (1) an affidavit from Defendant Ray (Mem. Supp. Mot. Summ. J. Ex. 1 ("Ray Aff."), ECF No. 15–1); (2) a copy of Virginia Department of Corrections ("VDOC") Operating Procedure § 720.1 (*id.* Encl. A. ("Operating Procedure § 720.1")); (3) copies of grievances material submitted by Gelardos (*id.* Encl. B); and, (4) an affidavit from Defendant Schilling (Mem. Supp. Mot. Summ. J. Ex. 2 ("Schilling Aff."), ECF No. 15–2).

At this stage, the Court is tasked with assessing whether Gelardos "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). Gelardos did not attach any supporting evidence to his response to Defendants' Motion for Summary Judgment. With respect to Gelardos's Complaint, a notary public's seal appears on the sixth page; however, the Complaint is not admissible for purposes of summary judgment because Gelardos has not sworn to its contents under penalty of perjury, and there is no indication that the notary public administered an oath to Gelardos. *See McCoy v. Robinson*, No. 3:08CV555, 2010 WL 3735128, at \*2 (E.D. Va. Sept. 22, 2010) (alterations in original) ("'[M]erely notarizing [a] signature does not transform a document into [an] affidavit that may be used for summary judgment purposes.'" (quoting *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306-07 (5th Cir. 1998))).

Gelardos's complete failure to present any admissible evidence to counter Defendants' Motion for Summary Judgment permits the Court to rely solely on Defendants' evidence in deciding the Motion for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))). Accordingly, the following facts are established for the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Gelardos.

4

## II.    UNDISPUTED FACTS

As the Warden of St. Brides Correctional Center ("SBCC"), Ray was "responsible for the day-to-day operations of [the] institution." (Ray Aff. ¶ 4.) Ray "ha[d] no responsibility or supervision of the actual administration of medical or mental health services provided by the health care providers at SBCC." (*Id.*)

Schilling is the Director of Health Services for the Virginia Department of Corrections ("VDOC"). (Schilling Aff. ¶ 1.) As such, Schilling "manage[s] the overall operation of the VDOC's Health Services." (*Id.* ¶ 7.) "In this capacity, [he] issue[s] Level II responses to offender grievances concerning medical treatment." (*Id.*) Schilling is "not a medical doctor . . . [and] do[es] not make decisions about offenders' medical treatment." (*Id.* ¶ 4.) Schilling "do[es] not determine whether an offender is referred to a specialist for evaluation." (*Id.*) Instead he "rel[ies] on the professional judgment of doctors and nurses and do[es] not substitute [his] own judgment for their professional opinions concerning an offender's condition or treatment." (*Id.*) Schilling "do[es] not intervene in medical decisions." (*Id.* ¶ 5.) Rather, he "ensures compliance with the medical operating procedures at the institutional level." (*Id.*)

Operating Procedure § 720.1 sets forth the medical services available to offenders in the custody of the VDOC. (Operating Procedure § 720.1.) Virginia "provides trained medical and mental health care professionals to provide offenders quality medical and mental health care at correctional facilities." (Ray Aff. ¶ 5.) All offenders, including

those at SBCC, have access to medical and mental health care services and can seek

"appropriate attention and care from the health care providers at [their] institution[s]."

(Schilling Aff. ¶ 6; *see also* Ray Aff. ¶ 5.) Health care providers "evaluate the offender's

complaint and determine what treatment, if any, is necessary." (Ray Aff. ¶ 5; *see also*

Schilling Aff. ¶ 6.)

The VDOC "Offender Grievance Procedure is a mechanism for offenders to

resolve complaints, appeal administrative decisions and challenge the substance of

procedures." (Ray Aff. ¶ 7.) "All issues are grievable except those pertaining to policies,

procedures and decisions of the Virginia Parole Board, disciplinary hearings, State and

Federal court decisions, laws and regulations, and matters beyond the control of the

VDOC." (*Id.*) Offenders are "entitled to use the grievance procedure to resolve

problems." (*Id.*)

Gelardos arrived at SBCC on April 8, 2014. (Ray Aff. ¶ 3.) During his

incarceration at SBCC, Gelardos has "submitted several grievances regarding his medical

issues." (Schilling Aff. ¶ 8; *see also* Ray Aff. Encl. B.) Specifically, Gelardos has "filed

numerous complaints and grievances regarding injections and braces for his knees, as

well as medication for reflux disease." (Ray Aff. ¶ 8; *see also id.* Encl. B.) "Responses

were provided to at least 8 of these grievances, at both Levels I ([Ray]) and II

([Schilling])." (Ray Aff. ¶ 8.) "In each instance, Gelardos['s] medical record was

reviewed and his case was discussed with SBCC medical staff." (*Id.*; *see also* Schilling

Aff. ¶ 8.) "Upon investigation, it was determined that Gelardos was being closely

followed by medical staff at [SBCC] and there ha[d] been no violation of policy."
(Schilling Aff. ¶ 8.)

### III.   FOURTEENTH AMENDMENT

In order to establish a viable claim under 42 U.S.C. § 1983, a plaintiff must
establish that a person acting under color of state law deprived him or her of a
constitutional right or of a right conferred by a law of the United States. *See Dowe v.
Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "In
order for an individual to be liable under § 1983, it must be 'affirmatively shown that the
official charged acted personally in the deprivation of the plaintiff's rights. The doctrine
of *respondeat superior* has no application under this section.'" *Wright v. Collins*, 766
F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.
1977)).

In Claim Four, Gelardos faults Defendants for violating his right to due process
because they "fail[ed] to investigate [Gelardos's] health problems during the exhaustive
remedy process." (Compl. ¶¶ 43–44.)  However, Gelardos's claim cannot survive
summary judgment because "there is no constitutional right to participate in grievance
proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932
F.2d 728, 729 (8th Cir. 1991)).  Because Gelardos has failed to establish that Defendants
violated his right to due process, Claim Four will be dismissed.

### IV.   EIGHTH AMENDMENT

In Claim Five, Gelardos asserts that Defendants violated his rights under the
Eighth Amendment by "overlooking the seriousness of [his] claims in the exhaustive

remedies." (Compl. ¶ 38.) During his incarceration at SBCC, Gelardos has "submitted

several grievances regarding his medical issues." (Schilling Aff. ¶ 8; *see also* Ray Aff.

Encl. B.) Specifically, Gelardos has "filed numerous complaints and grievances

regarding injections and braces for his knees, as well as medication for reflux disease."

(Ray Aff. ¶ 8; *see also id.* Encl. B.)

Defendants do not argue why Gelardos's Eighth Amendment claim fails under the

relevant Eighth Amendment jurisprudence. Instead, they argue they did not personally

participate in any constitutional violation because they merely responded to Gelardos's

grievances demanding medical care. (Mem. Supp. Mot. Summ. J. Mem 5 (citing *Brown*

*v. Va. Dep't Corr.*, No. 6:07–CV–00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9,

2009).) Such an argument misses the mark and ignores the substance of Gelardos's

Eighth Amendment claim. In rejecting a similar argument, Judge Moon aptly observed:

> "Though a prison official has no substantive constitutional duty to respond
> to grievances, he or she does have a duty to prevent and remedy
> constitutional violations within his [or her] supervision and control."
> *Young v. Wexford Health Sources*, 2012 WL 621358, at *5 (N.D. Ill. Feb.
> 14, 2012) (citations omitted). Therefore, "[a] prison official may ... be
> held liable under 42 U.S.C. § 1983 for failing to respond to [continuing]
> violations of a prisoner's constitutional rights *that come to his or her*
> *attention via the grievance process.*" *Id.* (emphasis added). ... "Once the
> official knows of [an excessive risk to inmate safety], the refusal or
> declination to exercise the authority of his or her office may reflect
> deliberate disregard." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).

*Scott v. Clarke*, 64 F. Supp. 3d 813, 842 (W.D. Va. 2014) (first and second alterations in

original). Given Defendants' failure to address why, under the Eighth Amendment, their

actions were appropriate, the Court denies without prejudice their Motion for Summary

Judgment with respect to Claim Five. Defendants shall have thirty (30) days to resubmit

a Motion for Summary Judgment regarding Claim Five.[4] The Memorandum in Support of the Motion for Summary Judgment must adequately brief the remaining claim and any such affirmative defenses Defendants intend to raise.

## V.    CONCLUSION

For the forgoing reasons, Defendants' Motion for Summary Judgment (ECF No. 14) will be granted as to Claim Four, but denied without prejudice as to Claim Five. Claim Four will be dismissed.

An appropriate Order shall accompany this Memorandum Opinion.

                                        /s/
                                 HENRY E. HUDSON
                                 UNITED STATES DISTRICT JUDGE

Date: July 15, 2016
Richmond, Virginia

---

[4] In reaching this conclusion, the Court also considers the general rule that a party shall not file separate motions for summary judgment. *See* E.D. Va. Loc. Civ. R. 56(C) ("Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment.")

9